An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMOTHY D. LAWSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64567

**FILED**

SEP 1 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of open or gross lewdness. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Timothy D. Lawson contends that the district court erred by granting the State's motion in limine over his objection and allowing it to introduce testimony concerning his uncharged misconduct which occurred four years before the charged incident. In its motion in limine, the State argued that the testimony of three witnesses who saw or arrested Lawson for masturbating in the open parking lot of an apartment complex in 2007 was relevant to prove that Lawson masturbated four years later in a public alley located more than six miles away from the apartment complex because it proved Lawson's identity and absence of mistake. More specifically, the State argued that the earlier uncharged misconduct would "strengthen or bolster the [2011] victim's identification" of Lawson and prove that the victim, who had no relation to the three witnesses or the 2007 incident, was not mistaken about what she saw Lawson doing in 2011.

The district court conducted a *Petrocelli*[1] hearing in July 2013. At the hearing, only the three witnesses to the 2007 uncharged misconduct testified. The court agreed with the State that their testimony about the uncharged misconduct was relevant to prove identity and absence of mistake. It specifically concluded that the testimony was relevant to prove identity for two reasons. First, the three witnesses testified that the man they saw in 2007 "was a black male who was of the same general build" and had the "same general hairstyle," and was the "same general age as the defendant." This, of course, was not unexpected considering that each of those witnesses made an in-court identification of Lawson during the *Petrocelli* hearing. Second, the district court concluded that the 2007 incident was relevant because it occurred in the "northwest area" of Las Vegas, in "public," during "daylight hours," and the man did not stop masturbating when he was seen by other people during both incidents.

On appeal, the State withdraws its absence-of-mistake justification by admitting that the uncharged misconduct evidence "was only actually used at trial to show identity," because Lawson "never put forward a mistake defense."[2] It suggests that the 2007 uncharged

[1]*Petrocelli v. State,* 101 Nev. 46, 692 P.2d 503 (1985).

[2]Even if the State had not withdrawn its absence-of-mistake justification and Lawson had argued that the victim was mistaken about what he was doing in the alley, the fact that Lawson had masturbated in public in a different location under different circumstances four years earlier would not have tended to show the victim's absence of mistake. *See also* David P. Leonard, *The New Wigmore: A Treatise on Evidence: Evidence of Other Misconduct and Similar Events* § 7.2.2 (2009 & Supp. 2014) ("'Absence of mistake or accident' is generally synonymous with intent.").

misconduct evidence was relevant to prove identity through modus operandi reasoning or some other unspecified theory of identification. We conclude that the district court clearly abused its discretion because the witnesses' testimony was not relevant for a nonpropensity purpose and the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

We recently "reemphasize[d] that '[a] presumption of inadmissibility attaches to all prior bad act evidence.'" *Bigpond v. State*, 128 Nev. ___, ___, 270 P.3d 1244, 1249 (2012) (second alteration in original) (quoting *Rosky v. State*, 121 Nev. 184, 195, 111 P.3d 690, 697 (2005)). "In order to overcome the presumption of inadmissibility, the prosecutor must request a hearing and establish that: (1) the prior bad act is relevant to the crime charged and for a purpose other than proving the defendant's propensity, (2) the act is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Id.* at ___, 270 P.3d at 1250. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." NRS 48.015. Within the context of a *Petrocelli* determination, this fact of consequence must be related to a nonpropensity purpose. *Bigpond*, 128 Nev. at ___, 270 P.3d at 1249-50.

The State claims that the testimony of the three witnesses was relevant to prove Lawson's identity as the person masturbating in an alley near Cheyenne Avenue and Rainbow Road in June 2011 and not simply to prove that Lawson acted in conformity with his character as a person who has previously masturbated in public. As is the case here, the

SUPREME COURT
OF
NEVADA

(O) 1947A

admission of uncharged misconduct evidence to prove identity without first proving such a fact as motive, opportunity, preparation, or plan, "has a particularly great tendency to implicate the person's character and conduct." Leonard, *supra* § 12.1. The three witnesses' descriptions of Lawson's physical characteristics in 2007 during the *Petrocelli* hearing, which included his race, gender, and height, did not have any tendency to make it more likely that he was the person identified by the victim in 2011. For instance, there was no allegation that Lawson's physical characteristics had changed between the time of the alleged act in 2011 and Lawson's trial in 2013, when he was physically present in court, or that they more closely resembled his appearance in 2007. In fact, the witnesses' in-court identification of Lawson during the *Petrocelli* hearing in 2013 suggests that Lawson looked exactly the same as he did in 2007. The jurors, therefore, could have simply compared the victim's physical description of the man she saw in the alley to Lawson himself without relying on the three witnesses' memory of a different unrelated incident that occurred six years earlier.

It is not surprising that the 2007 uncharged misconduct testimony was not directly relevant to prove identity. Although identity "is indisputably one of the ultimate purposes for which evidence of other criminal conduct will be received . . . it is rarely a distinct ground for admission." Kenneth S. Broun, 1 *McCormick On Evidence* § 190 (7th ed. 2013). "Almost always, identity is the inference that flows from one or more of the [other nonpropensity purposes]." *Id.* Here, the district court concluded that the testimony about the 2007 uncharged misconduct was not relevant to show a common scheme or plan but nonetheless admitted the evidence to prove identity because it believed the 2007 incident was

"strikingly similar" to the charged offense. Thus, it appears that the district court concluded that Lawson's uncharged misconduct in 2007 established a modus operandi that would allow the jury to infer that he was the person who was masturbating in the alley in 2011. In order to draw this conclusion the State was required to demonstrate that the methods used in both incidents were so similar or distinct that it was reasonable to infer that they were both committed by the same person. "For the common features to be distinctive, they must not be shared by most offenses of that type." *People v. Thigpen*, 713 N.E.2d 633, 639 (Ill. App. Ct. 1999). Where a party is pursuing a modus-operandi theory rather than a common scheme or plan theory, "proper application of modus operandi reasoning requires greater similarity between the charged and uncharged conduct." Leonard, *supra* § 13.5 (emphasis omitted). The common features cited by the district court in this case—daylight, northwest Las Vegas, and the failure of the offender to stop committing the offense when observed by a passerby—fell far short of the distinctiveness required for admissibility under a modus-operandi theory. Therefore, the district court abused its discretion.

Moreover, even if the 2007 incident had been marginally probative for some nonpropensity purpose, the district court should have concluded that the probative value of testimony about another incident of open or gross lewdness by three different witnesses was substantially outweighed by the danger of unfair prejudice and involved the needless presentation of cumulative evidence. *See* NRS 48.035. In this case, that danger of unfair prejudice was not unfounded and did, in fact, deny Lawson the right to a fair trial. Any doubt about whether the State intended the jury to use the uncharged misconduct testimony for a

propensity purpose was removed when the State instructed the jury during opening statements that it could use the 2007 incident to "assume" that the victim's identification of Lawson in 2011 "as the person masturbating in front of her was correct." We conclude that the district court's error substantially affected the jury's verdict and we[3,4]

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                Cherry

cc:    Hon. Stefany Miley, District Judge
       Joshua R. Lucherini
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]Because we are reversing based on the district court's improper admission of Lawson's uncharged misconduct, we need not address Lawson's other claim of prosecutorial misconduct based on the State's comments during opening statements and its misstatement of the evidence during rebuttal closing arguments.

[4]The fast track statement and reply fail to comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because they do not contain 1-inch margins on all four sides. Counsel is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. See NRAP 3C(n).